UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COREY TINNIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 1:12-cv-01360-SEB-MJD<br>Case No. 1:10-cr-003-SEB-DML-12 |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. ' 2255
and Denying Certificate of Appealability**

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). For the reasons explained in this Entry, the motion of Corey Tinnin for relief pursuant to 28 U.S.C. ' 2255 must be denied and this action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The ' 2255 Motion**

Tinnan was charged with drug related crimes in two counts of a Superceding Indictment handed down on January 27, 2010. On September 3, 2010, Tinnin filed a petition to enter a plea of guilty and a written plea agreement was submitted by the parties. The plea agreement entered into between defendant Corey Tinnin and the United States in Case No. 1:10-cr-003-SEB-DML-12 and accepted by this Court contains a provision whereby "Tinnin expressly waive[d] his right to appeal the conviction and any sentence imposed on any ground. . . . Additionally, Tinnin expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in

which it was determined in any proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255." Plea Agreement, ¶ 11, Dkt. No. 496. The guilty plea was entered in accord with the standards prescribed in Rule 11 of the *Federal Rules of Criminal Procedure.* Tinnin now seeks relief pursuant to 28 U.S.C. ' 2255. Tinnin challenges his sentence on the basis that after final judgment was entered on December 9, 2010, the Supreme Court held that "the Fair Sentencing Act's more lenient penalties apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Dorsey v. U.S.*, 132 S.Ct. 2321, 2331 (2012).

The Seventh Circuit has recognized the validity of waivers such as included in the plea agreement in this case. "A waiver of appeal [or of post-conviction relief rights] is valid, and must be enforced, unless the agreement in which it is contained is annulled." *United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001). In this circuit, the waiver of the right to file a § 2255 motion shall, with only limited exceptions, be strictly enforced. *Nunez v. United States*, 546 F.3d 450, 454 (7th Cir. 2008). In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised in a § 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Id.*; *Mason v. U.S.,* 211 F.3d 1065, 1069 (2000); *see also Keller v. U.S.*, 657 F.3d 675, 681-682 (7th Cir. 2011) (*citing United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997) (A "waiver of a right to appeal is subject to exceptions," but "an improper application of the guidelines" is not one of them.).

### *Ineffective Assistance of Counsel*

In this case, Tinnin alleges that his trial counsel was ineffective because he should have preserved an argument that Tinnin, sentenced after the Fair Sentencing Act was passed, should

have been subject to the new penalties at the time of sentencing on December 2, 2010. This argument is frivolous. "A failure [of a lawyer] to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." *Knox v. United States*, 400 F.3d 519, 522 (7th Cir. 2005). At the time Tinnin was sentenced, the law in this Circuit was that the Fair Sentencing Act did not apply retroactively and the relevant date for determining whether the Fair Sentencing Act applied was the date defendant engaged in the underlying criminal conduct, rather than the date the defendant was sentenced. *See U.S. v. Fisher,* 635 F.3d 336 (7th Cir. 2011); *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010). Tinnin's trial counsel cannot be deemed ineffective for failing to anticipate case law decided after Tinnin entered his plea of guilty pursuant to the binding plea agreement.

There is no plausible basis on which to conclude that Tinnin's counsel provided ineffective assistance of counsel. To the contrary, Tinnin stated in his petition to enter a guilty plea that "I believe and feel that my attorney has done all that anyone could do to counsel and assist me and that I now understand the proceedings in this case against me." Pet. to Enter a Plea of Guilty, Case No. 1:10-cr-03-SEB-DML-12, Dkt. No. 495 at ¶ 12.

### *Voluntary Plea*

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). Tinnin entered such a plea in this case. Any argument that Tinnin did not knowingly and voluntarily waive his right to appeal based on subsequent changes in the law is rejected. The Seventh Circuit has "consistently rejected

arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." *U.S. v. McGraw,* 571 F.3d 624, 631 (7th Cir. 2009) (citing *United States v. Lockwood*, 416 F.3d 604 (7th Cir. 2005)).

At the September 24, 2010, change of plea hearing, this Court determined that Tinnin's plea of guilty was entered knowingly and voluntarily and that a factual basis for the plea was established. The Court accepted Tinnin's plea of guilty and the Plea Agreement and adjudged Tinnin guilty as charged to counts 1 and 4 of the Superseding Indictment. See Courtroom Minutes, 1:10-cr-03-SEB-DML-12, Dkt. Nos. 520 and 559.

The United States is correct that the foregoing circumstances show that Tinnin is not entitled to relief pursuant to 28 U.S.C. ' 2255. *See McGraw*, 571 F.3d at 631 (stating that plea bargain waivers involve risk and "[b]y entering into an appeal waiver that did not include an escape hatch . . . McGraw relinquished his right to challenge his sentence based on intervening Supreme Court decisions."). Tinnin has not demonstrated that he received ineffective assistance in negotiating the waiver and the waiver was knowingly and voluntarily made. The motion for relief pursuant to ' 2255 is therefore **denied.** Judgment consistent with this Entry shall now issue.

### *Treatment under 18 U.S.C. § 3582*

Tinnin argues that in the alternative equivalent relief should be considered under 18 U.S.C. § 3582. This request is denied. This court previously considered and denied Tinnin's motion to reduce sentence pursuant to § 3582 on February 17, 2012. See Dkt. Nos. 1018 and 1109 of Case No. 1:10-cr-003-SEB-DML-12.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ′ 2255 Proceedings*, and 28 U.S.C. ′ 2253(c), the court finds that Tinnin has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:  __05/30/2013__

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

COREY TINNIN
09416-028
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105

Gerald A. Coraz
UNITED STATES ATTORNEY'S OFFICE
Email: gerald.coraz@usdoj.gov

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
Email: sara.varner@fd.org